UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DANETTE RIVERA,

                Plaintiff,

            - against -

THE BANK OF NEW YORK MELLON,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-0681 (PKC)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Danette Rivera ("Plaintiff"), proceeding *pro se*, commenced this action concerning a mortgage foreclosure related to a property in Queens County, New York. (*See generally* Compl., Dkt. 1.) Plaintiff did not pay the requisite filing fees but did apply to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) For the reasons set forth below, Plaintiff's application to proceed IFP is denied without prejudice to renew.

        Under the statute that governs IFP actions, 28 U.S.C. § 1915, a court may waive filing fees upon finding that a plaintiff is unable to pay such fees. The IFP statute is designed to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). He or she must also include "a statement of all assets" the person possesses. *Id.* Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *Miller v. Smith*, No. 21-CV-2949 (JS), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901 (RPK), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). "When an applicant fails to explain how he supports himself, courts

generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-0664 (TOF), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

Plaintiff's financial declaration indicates that she has no assets or income but offers no explanation of how Plaintiff supports herself. Plaintiff writes "0" in the sections of the application form calling for her to provide the income from employment or otherwise and to list the amount of money Plaintiff has "in cash or in a checking or savings account." (Mot. for Leave to Proceed IFP, Dkt. 2 at ECF[1] 1–2.) She writes "no" in response to all other questions, including the one that asks her to list any "thing of value" that she owns, and the three sections asking her to list any of the following expenses: (1) "housing, transportation, utilities, or loan payments, or other regular monthly expenses;" (2) "persons who are dependent upon [her] for support;" and (3) "debts or financial obligations." (*See id.* at ECF 2.)

Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP. The Court cannot conclude that Plaintiff is indigent within the meaning of 28 U.S.C. § 1915. *See, e.g.*, *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742 (EK), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (noting that when an applicant fails to explain how he supports himself, "courts generally regard his application as incomplete and insufficient to establish an entitlement to in forma pauperis status" (quoting *Dan M*, 2022 WL 2069112, at *2)); *Bey v. Raso*, No. 24-CV-3528 (PKC), 2024 WL 3252569 at *1 (E.D.N.Y. July 1, 2024).

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff's application to proceed IFP, (Dkt. 2), is therefore denied without prejudice to renew. If Plaintiff wishes to proceed with this action, Plaintiff must, within 14 days of the date of this Order, either (1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) submit a complete Long Form IFP application that demonstrates indigency. If Plaintiff fails to do so within the time allowed, this action shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with a Long Form IFP application form.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:   February 10, 2025
         Brooklyn, New York